IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JANETH MURILLO,

Plaintiff,

vs.

DAVID STEINER, Postmaster
General;

Defendant.

**8:25CV662**

**MEMORANDUM AND ORDER**

Plaintiff filed a complaint on November 21, 2025, Filing No. 1, and was given leave to proceed in forma pauperis, Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the

line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff has sued the Postmaster General, alleging a right to recover for age and national origin discrimination, hostile work environment, and retaliation. The amended complaint alleges as follows.

Murillo is a Hispanic female who, at the time of the events discussed herein, was approximately 64 years old. Plaintiff began working at a United States Post Office facility in Norfolk, Nebraska in November of 2015. She worked as a Sales/Service Distribution Associate for 3 years and performed her work in a competent and satisfactory manner.

Shortly after her employment began, management personnel engaged in behavior aimed at ending Plaintiff's employment. They yelled at her in front of fellow employees and customers, yelled and pointed a finger directly in her face, changed her job duties in favor of American employees, denied or modified

her overtime opportunities, and changed her job situation and schedule without notice. Other similarly situated, younger, Caucasian employees who worked under the same management supervision were not treated in this manner under similar circumstances.

Plaintiff filed an EEO complaint with her employer in September 2020, alleging that she had been subjected to a hostile work environment based on race and sex. Defendant acknowledged her complaint and investigated it. Her supervisor and co-employees knew Plaintiff had submitted complaints to Human Resources and the EEO.

Co-employees intentionally and physically pushed her twice, placed her in grave danger, retaliated against her, and touched her without her consent. She reported incidents to Human Resources.

On or about January 15, 2021, Plaintiff was physically assaulted by a custodian when she attempted to enter the locker room to get her personal belongings. She reported the incident to the manager of mail processing operations. He ignored her, and along with another employee, laughed at her. She was instructed to work at her window.

 Plaintiff reported the assault to the police. She spoke to the police at her workplace until she was instructed by her manager to return to work. She told her supervisor she needed time to complete a grievance. The supervisor claimed he did not know what she was talking about and angrily told her she was suspended without pay, and she needed to go home and not return until contacted.

On February 10, 2021, Plaintiff sent a letter to the Office of the Inspector General requesting an investigation of the Norfolk postal facility and the abusive treatment and hostile work environment she endured. She presented pages of documentation to the defendant.

Plaintiff was discharged from employment on March 2, 2021, allegedly for failing to follow instructions and acting in an unprofessional manner on January 15, 2021.

Plaintiff filed the requisite discrimination charges with the United States Postal Service EEO Division, and she received the notice of final agency decision on October 7, 2022. Her federal complaint was filed on November 17, 2025.

### III. DISCUSSION

Plaintiff seeks recovery under the federal sector provisions of Title VII and the ADEA. See 42 U.S.C. § 2000e-16(a); 29 U.S.C. § 633a(a).[1] As to the substantive merits, the federal sector provisions of Title VII and the ADEA are essentially identical to those applicable to the private sector. She further alleges she was subjected to a hostile work environment and retaliated against for filing EEO and Human Resources complaints.

This lawsuit was filed over three years after Plaintiff received a final agency decision from the United States Postal Service EEO Division. It appears on the face of the complaint that this case is barred by the statute of limitations. *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 589 (8th Cir. 2003) (citing 29 C.F.R. § 1614.407(a) and holding failure to file suit within 90 days of receiving a notice of final agency action renders a plaintiff's ADEA action untimely). The limitations period can be equitably tolled, but "[e]quitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of [her] hands." *Id*. Plaintiff's complaint contains no facts explaining why Plaintiff was unable to timely file her lawsuit in this

---

[1] 42 U.S.C. § 2000e-16(a) and 29 U.S.C.A. § 633a both specifically state employees of the Postal Service are afforded protection under Title VII and the ADEA.

court. Without such information, the complaint must be dismissed as barred by the statute of limitations.

Moreover, the complaint fails to state a claim upon which relief may be granted. To state a prima facie case of age discrimination, Plaintiff's complaint must allege (1) she is over 40 years old; (2) she met the applicable job qualifications; (3) she suffered an adverse employment action; and (4) facts showing age was a factor in the employer's termination decision. *Canning v. Creighton Univ.*, 995 F.3d 603, 611 (8th Cir. 2021). To state a prima facie case of discrimination under Title VII, Plaintiff must allege: (1) she is a member of a protected class, (2) she met the defendant's legitimate expectations, (3) she suffered an adverse employment action, and (4) the circumstances give rise to an inference of discrimination. *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 973–74 (8th Cir. 2012). To state a claim for retaliation under either Title VII or the ADEA, Plaintiff must allege (1) she engaged in statutorily protected activity, (2) suffered an adverse employment action, and (3) that engaging in a protected activity is the but-for cause of the adverse employment action. *Warren v. Kemp*, 79 F.4th 967, 973 (8th Cir. 2023). To sustain a claim for harassment/hostile work environment, a plaintiff must allege she "is a member of a protected group, that there was unwelcome harassment, that there was a causal nexus between the harassment and membership in the protected group, and that the harassment affected a term, condition, or privilege of employment. *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1018 (8th Cir. 2011).

Plaintiff's complaint alleges she is over 40, is Hispanic, met the requirements of the job, and was terminated. She claims the management treated her poorly from the outset of her employment, and at some point, co-employees did as well. She claims she reported mistreatment, and the management and co-employees were aware of those reports. She alleges "her

job duties changed to favor American employees," and other "similarly situated younger, Caucasian employees with the same supervisors have not been treated in this manner under similar circumstances."[2] Filing 1-1 at 4. These statements are conclusory. There are no factual allegations to indicate whether she was terminated or harassed or allegedly mistreated because of her age, being Hispanic, or for some other reason. And there are no factual allegations indicating the alleged mistreatment and her termination was in retaliation for filing employment complaints.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Absent allegations sufficiently explaining why Plaintiff was unable to timely file her case, Plaintiff's complaint is, on its face, barred by the statute of limitations. Moreover, even if the limitations period may be equitably tolled, Plaintiff has failed to state a claim for age or race/national origin discrimination, a hostile work environment based on membership in a protected class, or retaliation for reporting or filing complaints raising such allegations. But rather than dismiss the case at this time, the court will grant Plaintiff an opportunity to amend her complaint.

---

[2] The court need not decide whether Plaintiff is alleging discrimination based on race or national origin; that is, Hispanic/American or Hispanic/Caucasian, both of which are alleged in the complaint. "The line dividing the concepts of "race" and "national origin" is fuzzy at best, and in some contexts, national origin discrimination is so closely related to racial discrimination as to be indistinguishable." *Reyes v. Pharma Chemie, Inc.*, 890 F. Supp. 2d 1147, 1158 (D. Neb. 2012) (Gerrard, J.). Here, Plaintiff claims she was discriminated against for being Hispanic, which is considered a protected class for the purposes of Title VII. See e.g., *Ricci v. DeStefano*, 557 U.S. 557 (2009) (discussing a "Hispanic" person is protected from racial discrimination under Title VII); *Diaz v. Swift-Eckrich, Inc.*, 318 F.3d 796, 800 (8th Cir. 2003) (explaining a "Hispanic" plaintiff was protected from discrimination based on national origin).

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until March 5, 2026, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. Plaintiff is advised that any amended complaint filed will replace the initial complaint, not supplement it. So, all of Plaintiff's allegations must be included in the amended complaint.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "March 5, 2026: check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 3rd Day of February, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

7